1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| FRANK EARL BOUDWAY; and PATRICIA ANNE BOUDWAY, | CASE NO. 13cv499-WQH-BGS |
| Plaintiffs, | **ORDER** |
| vs. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION; MORTGAGEIT, INC.; and DOES 1-100, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants Federal National Mortgage Association ("FNMA") and Bank of America, National Association ("BOA").  (ECF No. 5).

**I.      Background**

     **A.      Factual Allegations of the Complaint**

On December 11, 2006, Plaintiffs Frank Earl Boudway and Patricia Anne Boudway ("Plaintiffs") obtained a $417,000 loan from Mortgageit, Inc., and secured repayment of the loan with a deed of trust encumbering the subject San Diego property. (Complaint, ECF No. 1 ¶ 15).  The deed of trust named Chicago Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the

1  beneficiary.  *Id*.

2       On June 11, 2010, Recontrust Company, as the agent for the beneficiary of the

3  deed of trust, commenced the nonjudicial foreclosure of the subject deed of trust.  *Id*.

4  ¶ 16.  On June 22, 2010, MERS recorded a document to substitute Recontrust Company

5  as trustee under the deed of trust, and to assign the deed of trust to BAC Home Loans

6  Servicing, LP FKA Countrywide Home Loans Servicing, LP (which was later

7  succeeded by Defendant BOA).  *Id*. ¶ 17.

8       Plaintiffs defaulted on their repayment of the loan, and a Notice of Default was

9  recorded in the office of the County Recorder for San Diego County in June 2010.  *Id*.

10  ¶ 17.  When Plaintiffs failed to cure the default, a notice of trustee's sale was recorded

11  on September 20, 2010.  *Id*. ¶ 18.  The sale went forward on July 25, 2011, and

12  Defendant FNMA purchased the property for $322,300.  *Id*. ¶ 20.

13       **B.    State Court Proceedings**

14       Shortly after the July, 2011 sale, Plaintiffs filed an action for wrongful

15  foreclosure against BOA and FNMA in the San Diego County Superior Court, Case No.

16  37-2011-00070139 ("the state court action").  (State Court First Amended Complaint,

17  ECF No. 5-6 at 37-46).  The First Amended Complaint in the state court action asserted

18  several claims, which are all related to the servicing of the loan and the July, 2011

19  foreclosure of the subject property.  *Id*.  The  First Amended Complaint in the state

20  court action alleged the following claims for relief: (1) Set Aside Trustee Sale; (2) Quiet

21  Title; (3) Cancel Trustees Deed; (4) Accounting.  In July, 2012, the Superior Court

22  sustained the demurrer of Defendants BOA and FNMA without leave to amend and

23  entered an order of dismissal with prejudice.  (ECF No. 5-6 at 49-50).

24       **C.    Federal Court Proceedings**

25       On March 4, 2013, Plaintiffs initiated this action by filing a Complaint against

26  Defendants FNMA, BOA and MortgageIt, Inc., asserting several claims which arise out

27  of or are related to the servicing and the July, 2011 foreclosure of the subject loan and

28  the subject property.  (ECF No. 1).  The Complaint alleges the following claims for

relief: (1) Declaratory Relief; (2) Negligence; (3) Quasi Contract; (4) Violation of 15 U.S.C. § 1692, *et seq.*; (5) Violation of California Business and Professions Code Section 17200, *et seq.*; (6) Accounting; (7) Violation of 18 U.S.C. § 1951(b)(2) - Extortion.

On August 7, 2013, Defendants FNMA and BOA filed a Motion to Dismiss all claims in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 5).  On September 25, 2013, Plaintiffs filed an opposition. (ECF No. 10).  On September 27, 2013, Defendants FNMA and BOA filed a reply.  (ECF No. 11).

**II.    Discussion**

    **A.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's "grounds" to relief must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

1

**B.    Res Judicata**

2       Defendants FNMA and BOA contend that each of Plaintiffs' claims in this case

3   arise out of the 2011 foreclosure of the subject property and the servicing of the subject

4   loan, and were raised or could have been raised in the state court action which

5   concerned the same 2011 foreclosure on the subject property and the servicing of the

6   subject loan.  Defendants contend that each of Plaintiffs' claims is therefore barred by

7   *res judicata*, and the Complaint must be dismissed.  (ECF No. 5-2 at 9-10).

8       Plaintiffs contend that this action is fundamentally different from the state court

9   action.  The instant action alleges that Defendants "transferred the promissory note

10   and/or the deed of trust to a trust or other entity for the purpose of creating Mortgage

11   Backed Securities," and that "attempted transfers to securitized trusts were ineffective

12   and defective."  *Id*. at 3.  Plaintiffs contend that "there were no factual allegations in the

13   prior action concerning securitization trust and mortgage backed securities," so the

14   instant action is not barred by *res judicata*.  (ECF No. 10 at 4).

15       *Res judicata* precludes the re-litigation of a cause of action that was litigated in

16   a prior proceeding.  "The Full Faith and Credit Act, 28 U.S.C. § 1738 ... requires a

17   federal court to 'give the same preclusive effect to a state-court judgment as another

18   court of that State would give.'"  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

19   U.S. 280, 293 (2005); *see also Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S.

20   75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment

21   the same preclusive effect as would be given that judgment under the law of the state

22   in which the judgment was rendered.").  This Court applies California preclusion law

23   in determining whether Plaintiffs' claims are barred by *res judicata*.

24       Under California law, *res judicata* applies if "three requirements are satisfied: (1)

25   the present action is on the same cause of action as the prior proceeding; (2) the prior

26   proceeding resulted in a judgment on the merits; and (3) the parties in the present action

27   or parties in privity with them were parties to the prior proceeding."  *Bullock v. Philip*

28   *Morris USA, Inc.*, 198 Cal. App. 4th 543, 557 (2011) (citations omitted).  *Res judicata*

1   not only bars causes of action that were actually litigated in a prior action, it also
2   "precludes the litigation of issues that could have been litigated in the prior
3   proceeding." *Id.*

4          An issue is one that could have been raised in the prior proceeding "'if the matter
5   was within the scope of the action, related to the subject matter and relevant to the
6   issues.'" *Amin v. Khazinder*, 112 Cal. App. 4th 582, 589-90 (2003) (quoting *Tensor*
7   *Group v. City of Glendale*, 14 Cal. App. 4th 154, 160 (1993)). "'[E]ven though the
8   causes of action [may] be different, the prior determination of any issue is conclusive
9   in a subsequent suit between the same parties as to that issue and every matter which
10  might have been urged to sustain or defeat its determination.'" *Id.* (quoting *Krier v.*
11  *Krier*, 28 Cal. 2d 841, 843 (1946)).

12         Plaintiffs bring the instant case against BOA, FNMA, and Mortgageit, Inc. The
13  state court action was brought against BOA and FNMA. The state court action ended
14  with an order and judgment of dismissal in favor of BOA and FNMA after a demurrer
15  was sustained with prejudice and without leave to amend. Because the state court
16  action resulted in a judgment on the merits, and the parties to the present action were
17  parties to the state court action[1], the second and third requirements of *res judicata* under
18  California law have been met. *See Bullock*, 198 Cal. App. 4th at 557.

19         Plaintiffs are barred from raising any claims that were or could have been raised
20  in the state court action. (ECF No. 5-2 at 9). All of the claims in this case and in the
21  state court action challenge the 2011 foreclosure sale of the subject property, and
22  Defendant's rights to collect on Plaintiff's loan. Both cases directly address defects in
23  the foreclosure process. The issues raised in this case are within the scope of the issues
24  raised in the state court action, related to the subject matter of the state court action, and
25  relevant to the issues raised in the state court action. *See Amin*, 112 Cal. App. 4th at
26  589-90. *Res judicata* bars Plaintiffs from bringing the instant action against Defendants

27  ────────────────
28         [1] Mortgageit, Inc. was not a party to the state court action, and has not moved for dismissal. Accordingly, at this point in the proceedings, *res judicata* does not preclude Plaintiffs' claims against Defendant Mortgageit, Inc.

1    BOA and FNMA.

2         **C.    Show Cause as to Defendant Mortgageit, Inc.**

3         On March 4, 2013, Plaintiffs filed the Complaint in this matter.  To date, proof

4    of service has not been filed for any defendant.  The docket reveals that Defendant

5    Mortgageit, Inc. has not entered an appearance or responded in any way to the

6    Complaint.

7         "A federal court is without personal jurisdiction over a defendant unless the

8    defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur.*

9    *Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quotation omitted).  Rule

10   4 provides that "[a] summons shall be served together with a copy of the complaint,"

11   Fed. R. Civ. P. 4(c)(1), and that the summons and complaint must be served "within 120

12   days after the filing of the complaint," Fed. R. Civ. P. 4(m).  If a plaintiff fails to

13   properly serve the summons and complaint within 120 days, the court may dismiss the

14   action without prejudice after notice to the plaintiff.  *See id.*

15        This Order constitutes notice to Plaintiffs that the Court will dismiss this action

16   without prejudice as to Defendant Mortgageit, Inc. **thirty (30) days from the date this**

17   **Order is filed**, unless, no later than that date, Plaintiff files: (1) proof that service of the

18   Summons and Complaint was effectuated as to Defendant Mortgageit, Inc., or (2) a

19   declaration under penalty of perjury showing good cause for failure to serve Defendant

20   Mortgageit, Inc., accompanied by a motion for extension of time to serve process.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants FNMA and BOA (ECF No. 5) is GRANTED, and the Complaint is DISMISSED without prejudice as to Defendants BOA and FNMA. Plaintiffs shall file any motion for leave to amend the Complaint within **thirty (30) days from the date this Order is filed**.

IT IS FURTHER ORDERED that within **thirty (30) days from the date this Order is filed**, Plaintiffs shall file: (1) proof that service of the Summons and Complaint was effectuated as to Defendant Mortgageit, Inc., or (2) a declaration under penalty of perjury showing good cause for failure to serve Defendant Mortgageit, Inc., accompanied by a motion for extension of time to serve process.

DATED:  December 18, 2013

**WILLIAM Q. HAYES**
United States District Judge